UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| LARRY DEAN MCCOY,<br><br>*Plaintiff*,<br>v.<br><br>LINCOLN COUNTY JAIL, LINCOLN JAIL STAFF, SHERIFF MURRAY BLACKWELDER,[1]<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:09-cv-15<br>*Mattice/Lee* |

**MEMORANDUM AND ORDER**

Plaintiff Larry Dean McCoy ("McCoy") filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 (Court Doc. 3). McCoy claims the Lincoln County Jail officials refused to protect him and other inmates from an inmate infected with Tuberculosis ("TB"), thus exposing them to a substantial risk of serious harm in violation of the Eighth Amendment. Specifically, McCoy claims he was "sharing seating" and eating next to a TB-infected inmate (Court Doc. 3, p. 4). In addition to requesting $500,000, McCoy seeks an order requiring Defendants to test him for five years and pay for all future treatment and medical care expenses (Court Doc.3).[2]

The allegations concerning the lack of safeguards for inmate to inmate transmission of TB, a communicable disease, taken as true, as they must be, are cause for concern,

[1] As explained in the memorandum, the Court has substituted Sheriff Murray Blackwelder as the correct defendant since he is responsible for the prisoners in Lincoln County Jail.

[2] Although McCoy claims "[t]his claim is part of a class action civil suit case 409-CV-8," [Court Doc. 3, p. 4], the Court advises McCoy that Civil Action 4:09-cv-8 is not a class-action lawsuit.

and therefore, given the nature of the allegations, Defendants should respond to those allegations promptly, as required by the Rules. Specifically, Defendants must respond to those allegations no later than **twenty (20) days** after being served with the summons and complaint. Fed.R.Civ.P. 12(a)(1)(A)(I).

## I. Application to Proceed *In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by McCoy that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. McCoy is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since McCoy is an inmate or prisoner in custody at the Lincoln County Jail, he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. McCoy shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of McCoy's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 200 South Jefferson Street, Winchester, Tennessee 37398, as an initial partial payment, whichever is the greater of

(a) twenty percent (20%) of the average monthly deposits to McCoy's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in McCoy's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of McCoy's preceding monthly income (or income credited to his trust account for the preceding month), but only

when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Sheriff and the custodian of inmate accounts at the Lincoln County Jail, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of McCoy's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate McCoy's file and follow the inmate if he is transferred to another institution. The agency having custody of McCoy shall continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

The plaintiff is **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of McCoy to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

## II. Identity of Defendants

### *A. Lincoln County Jail*

Plaintiff identifies the Lincoln County Jail ("Jail") as one of the defendants in this case. The Jail is not a legal entity amenable to being sued under 42 U.S.C. § 1983 but is merely a name assigned to the building which houses inmates. The Jail is not a municipality, but rather, a building in the county and, as such, is not a separate legal entity

which can be sued. Therefore, the Jail is not a "person" within the meaning of § 1983. *Shoemaker v. Greene County "Jail" Detention Center*, 2007 WL 2159295 (E.D. Tenn. July 26, 2007) ("The Greene County "Jail" Detention Center is a building and not a "person" who can be sued under § 1983."); *Seals v. Grainger County Jail*, 2005 WL 1076326 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983"); *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) (county sheriff's department is not a suable entity under § 1983); *Williams v. Baxter*, 536 F. Supp. 13, 16 (E.D. Tenn. 1981) (city police department is not a suable entity under § 1983).

In Tennessee, a sheriff in his official capacity has a responsibility under Tenn. Code Ann. § 41-4-101, to take care of the prisoners in the county jail. Tenn. Code Ann. § 41-4-101 provides:

> The sheriff of the county has, except in cases otherwise provided by law, the custody and charge of the jail of the county, and of all prisoners committed thereto, and may appoint a jailer, for whose acts the sheriff is civilly responsible.

In addition, statutes require the jailer to furnish support (Tenn. Code Ann. § 41-4-108), adequate food and bedding (Tenn. Code Ann. § 41-4-109), bathing facilities and a clean jail (Tenn. Code Ann. § 41-4-111), and medical care (Tenn. Code Ann. § 41-4-115).

Accordingly, because the jail is not a suable entity, it is not a proper defendant in this § 1983 complaint and is **DISMISSED**. Sheriff Murray Blackwelder, who is responsible for the prisoners in the Lincoln County Jail, will be substituted in its place. Accordingly, liberally construing this *pro se* complaint, and out of an abundance of caution due to the number of cases coming out of Lincoln County claiming inmates were knowingly exposed

and housed with a TB-positive inmate, the Court has substituted Sheriff Murray Blackwelder as the proper Defendant and **DIRECTS** the Clerk to substitute Sheriff Murray Blackwelder as the proper Defendant in this matter on the Court's CM/ECF docket sheet.

*B. Lincoln County Jail Staff*

Rather than identifying, by name, the individual jail staff members whom he claims violated his constitutional rights, McCoy identifies the Lincoln County Jail Staff as a Defendant. Since the jail staff is a non-suable entity under § 1983, it will be dismissed from the lawsuit. *See Sullivan v. Hamilton County Jail Staff*, 2006 WL 1582418, *3 n. 1 (E.D. Tenn. June 5, 2006 (noting that the Hamilton County Jail Staff and the Hamilton County Medical Staff are a subdivisions of the sheriff's department and not legal entities subject to being sued) (citing to *Fischer v. Cahill*, 474 F.2d 991, 992 (3rd Cir.1973) for its holding that a state prison medical department is not a "person" under § 1983)). Accordingly, the jail staff is **DISMISSED** from this action, subject to McCoy's right to file a motion to amend the complaint with the appropriately named individuals. See Fed.R.Civ.P. 15.

## III. Service

The Clerk is **DIRECTED** to send McCoy a service packet (a blank summons and USM 285 form) for the Defendant named in this action. McCoy is **ORDERED** to complete the service packet and return it to the Clerk's Office **within twenty (20) days** from the date of receipt of this Order. At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. McCoy is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendants **SHALL** answer or otherwise respond to the complaint **within twenty (20) days** from the date of service.

McCoy is **ORDERED** to inform the Court, and Defendants or their counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within ten (10) days following any change of address will result in the dismissal of this action.

SO ORDERED.

ENTER.

*/s/Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE